FILED
98 FEB -9 AM 9: 48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| LARRY COTTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CV 95-PT-2345-S |
| ) | |
| WARDEN CHARLIE E. JONES and ) | |
| THE ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

ENTERED
FEB 0 9 1998

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on August 12, 1997, recommending that respondents' motion for summary judgment be granted and that this petition filed pursuant to 28 U.S.C. § 2254 be dismissed. In the report and recommendation, the magistrate judge addressed petitioner's claims that the indictment was unlawfully amended; that he was denied the effective assistance of counsel in connection with his guilty plea; and that his guilty plea was entered in violation of ALA. CODE § 15-15-22 (1975), which provides that a defendant charged by information may not enter a guilty plea "within three days after notice to the court of his intention to plead guilty." Petitioner filed objections to the report and recommendation on August 28, 1997. In response to an order to clarify his objections, petitioner filed an "Answer to the Motion of Objection" on December 15, 1997.

Attached to the original petition is a one-page excerpt from an unidentified transcript. This excerpt is set forth below in its entirety:

18

> THE COURT: That's case number 92-3519. That will be nolprosssed. I told this man I will let him come back and report when, January 15?
>
> MR. DINSMORE: You said you would set it on a Friday. Whatever date is good with the Court is good with us.
>
> THE COURT: January 15 at 9:00 in the morning. If you don't come I will set these pleas aside. You can have your trial if you want it, but if you plead then I will run these on top of each other and you would have 30.
>
> MR. DINSMORE: There was also the agreement so stated by Ms. Rosenbaum that if he returns that these sentences will be run . . . .

In his objections and his "Answer to the Motion of Objection," petitioner clarifies that as an additional claim in his original petition, he was asserting that his guilty plea should have been set aside because the trial judge said it would set aside the plea if petitioner did not return on January 15, and petitioner did not return. Respondents asserted in their answer that any such claim was procedurally barred. *Respondents' Answer* at 5.

Petitioner was convicted upon his plea of guilty. He did not file a motion to withdraw his guilty plea, nor did he file a direct appeal from his conviction. In his post-conviction petition filed in state court pursuant to Rule 32, ALA. R. CRIM. P., petitioner claimed that his guilty plea was not voluntarily entered because he was not advised of the maximum and minimum sentences for the offense, *Respondents' Exh. A* at 19, which is clearly a different claim from the claim he is asserting in this court. He did not, however, present even the maximum/minimum sentence claim to the Alabama Court of Criminal Appeals in his appeal from the trial court's denial of his Rule 32 petition. *See Respondents' Exh. B.* It is therefore clear that petitioner has never presented a state court with the challenge to his guilty plea that he now presents to this court.

2

or as a successive petition under Rule 32.2(b), ALA. R. CRIM. P.[2] Consequently, this claim is procedurally defaulted. *See Collier v. Jones*, 910 F.2d at 773.

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 71 (1977).

> In *Wainwright v. Sykes*, 433 U.S. 72 (1977), [the United States Supreme] Court adopted the "cause and prejudice" requirement of *Francis v. Henderson,* [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard." 433 U.S. at 87. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In *Reed v. Ross*, 468 U.S. 1 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, *id.,* at 13-14, "the failure of [petitioner] to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.,* at 14. The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner] . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

---

[2]Rule 32.2(b) provides:

> The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.

4

The petitioner must also demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray*, 477 U.S. at 496).

Although petitioner makes a number of conclusory assertions regarding procedural default generally in his response to respondents' motion for summary judgment, he has clearly failed to show that there exists any cause to excuse his procedural default in failing to present this particular claim in state court. In addition, he has failed to establish factual innocence, such that his claims can be considered under the "fundamental miscarriage of justice" exception to procedural default. Consequently, petitioner is procedurally barred from raising in this court his claim that his guilty plea should be set aside because the trial judge said that he would set aside the plea if petitioner did not return to court on January 15, and petitioner did not return. That claim is due to be dismissed.

As for the remaining claims raised by petitioner, the court has carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, and is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, respondents' motion for summary judgment is due to be granted and the petition is due to be dismissed. An appropriate order will be entered.

5

Petitioner has also filed a Motion for Extension of Time (Document #16) in which he seeks additional time to obtain all of the transcript of which the except quoted above is a part. This motion is due to be DENIED. While the submitted portion of the transcript is cryptic, to say the least, no useful purpose would be served by petitioner's obtaining the rest of the transcript in view of the fact that the claim to which the transcript relates is procedurally barred.

DATED this 9th day of Feb., 1998.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE